```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                           CENTRAL DIVISION
                            AT LEXINGTON
```

**CIVIL ACTION NO. 2009-207 (WOB)**

**WILLIAM JOHNSTON**                                                **PLAINTIFF**

**VS.**                         <u>**OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                                 **DEFENDANT**


This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 9) and the cross-motion for summary judgment of the defendant (Doc. 12).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Commissioner of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In order to qualify for benefits, the claimant must establish that he is disabled within the meaning of the Social

1

Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Commissioner of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (quoting *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." *Id.* (citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. *Id*. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804(citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)). Fourth, claimant is not disabled if his impairment(s) does not prevent

2

him from doing his past relevant work. *Id*. Lastly, even if the claimant cannot perform his past relevant work, he is not disabled if he can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923).

The claimant has the burden of establishing that he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id*. (quoting *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The claimant was thirty-two years old at the time of the ALJ's decision. The claimant obtained a GED and has taken some college classes. He has past relevant employment as a bill collector, quality control inspector, motel desk clerk, and fast-food cook.

The claimant alleges that he became disabled on November 3, 2005, due to injuries received in a motor vehicle accident. Claimant testified that, as a result of the accident, he suffered a fracture in his cervical spine and underwent a cervical fusion. He further testified that he has nerve damage in his right shoulder and has constant back pain.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity

3

since his alleged onset date.  At step two, the ALJ determined that the claimant has the following severe impairment: "status post facet fracture with a C3-C6 posterior lateral fusion on November 15, 2005 secondary to a motor vehicle accident on November 3, 2005."  At step three, the ALJ determined that, although claimant has an impairment that is "severe," he does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.

Prior to step four, the ALJ determined that the claimant had "no exertional limitations in his ability to perform work-related activities."  The ALJ found, however, that claimant had nonexertional limitations, including: he can never climb ladders, ropes or scaffolds; he can never crawl; and he is limited to only occasional crouching and reaching in all directions, including reaching overhead.  The ALJ also found that the claimant cannot perform repetitive flexion or extension of the head from side to side or perform work activity above head level.  At step four, the ALJ, relying on the vocational expert, found that the claimant could perform his past relevant work.  Although the ALJ found the claimant not disabled after step four, he continued his analysis.

At step five, the ALJ, relying on the testimony of the vocational expert, determined that there are a significant number of jobs in the national economy that the claimant can perform, including: ticket taker, 2,600 jobs in the state and 200,000 jobs in the nation; and non-hazardous security, 2,500 jobs in the

4

state and 250,000 jobs in the nation.  Therefore, the ALJ found that the claimant was not disabled.

The claimant argues that the ALJ erred in not according proper weight to his treating physician's RFC finding.  The court, however, finds that the ALJ extensively analyzed the doctors' reports, both treating and consulting, and determined their credibility by looking at the objective medical records.  The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2).  If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified.  *Bogle v. Sullivan*, 998 F.2d 342, 347-49 (6th Cir. 1993).

Here, the claimant specifically argues that the ALJ failed to give good reasons for rejecting Dr. Taylor's assessment, which limited the claimant to significant work restrictions, rendering him disabled.  In rejecting Dr. Taylor's opinion, the ALJ stated:

> I have considered the Physical Capacities Evaluation dated October 30, 2007 from Dr. Taylor (Exhibit 8F).  Although the medical evidence of record establishes that Dr. Taylor has treated the claimant for pain management since August 7, 2007, I find this assessment is totally inconsistent with objective medical evidence of record and the findings of the claimant's treating physicians at Kentucky Clinic and the University of Kentucky Medical Clinic.  Furthermore, I find this assessment is not supported by Dr. Taylor's own treatment notes (Exhibit 9F).  Although Dr. Taylor provided a disabling assessment, at no time has Dr. Taylor indicated in his treatment notes that the claimant has any work related restrictions.  Accordingly, I have [given] little to no weight to the assessment proffered from Dr. Taylor.

(AR 14).

5

The court finds that the ALJ articulated clear reason why he discredited treating physician Dr. Taylor's physical assessment: he did not find the treating physician's sparse reasoning to be supported by the record and was inconsistent with other treating physicians.  The court finds that the ALJ stated "good reasons" for not giving controlling weight to Dr. Taylor's assessment. *See Price v. Commissioner Soc. Sec.*, 342 F. App'x 172, 176 (6th Cir. 2009)(ALJ not bound by unsupported statements of impairment).  The claimant also argues that the ALJ did not consider all of his impairments, specifically his neck pain, in making his RFC determination.  The ALJ stated:

> In determining the claimant's residual functional capacity, I considered the claimant's allegations of neck pain. Although I find the claimant does have some limitations in his ability to perform work-related activities, the medical evidence of record does not totally preclude the claimant from performing these activities.  Upon referral on December 27, 2005 for alleged fainting spells, Armand G. Vaishnav, M.D., noted that the claimant's neurological examination was normal (Exhibit 4F and duplicated at Exhibit 11F).  However, Dr. Vaishnav observed that the claimant had some limited mobility of his right shoulder.  Dr. Vaishnav further opined that his impression was that the claimant's fainting spells were medication related lightheadedness and he did not feel that they were seizure related.  The medical evidence of record from the Kentucky Clinic further notes that despite the claimant's continued complaints of shoulder and neck pain, examinations and diagnostic studies revealed essentially normal results (Exhibit 5F).  Specifically, an electromyography and nerve conduction studies dated July 26, 2006 revealed normal results with no electrophysiologic evidence of right arm neuropathy or cervical radiculopathy. More recently, the claimant reported to Robert Taylor, M.D., on June 17, 2008 that [he] continued to experience neck pain and stiffness (Exhibit 9F).  Although the medical evidence of record is devoid of objective findings which establish significant limitations in claimant's ability to perform work-related activities, I recognize that the claimant could reasonably experience intermittent exacerbation of pain symptoms which could pose some limitations in his ability to perform these activities.

(AR 13-14). The ALJ also noted that the medical record is devoid of regular and continued treatment for claimant's neck pain, and he found that the lack of treatment did not support claimant's claims of disabling pain. (AR 14). The court finds that the ALJ did consider all of the claimant's impairments in determining what limitations they imposed on his ability to function.

The claimant also argues that the ALJ did not consider his ability to hold a job for a significant period of time. The ALJ, however, considered claimant's testimony regarding his daily activities, which included walking for exercise and regularly performing household chores, and found that the multitude of daily activities supported his finding that the claimant could regularly perform work related functions.

In addition, the medical records establish that the claimant routinely described his pain to his doctors as being between a level two and six out of ten. The ALJ explained that this level of pain, coupled with claimant's lack of medical treatment, supported a finding that the claimant's pain symptoms are not disabling. The court finds the ALJ's decision that the claimant can hold a job for a significant time is supported by substantial evidence.

The claimant also argues that the ALJ's hypothetical questions to the vocational expert were not reasonably based upon substantial evidence because the ALJ rejected Dr. Taylor's assessment. As discussed above, the ALJ provided good reasons for giving little to no weight to Dr. Taylor's assessment and the

7

ALJ's failure to incorporate Dr. Taylor's assessment into the hypothetical questions is not error.  *Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008).

Moreover, it is well established that the hypothetical questions need only incorporate limitations that the ALJ finds are credible.  *Griffeth v. Commissioner of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007).  The court finds that the ALJ's hypothetical questions were supported by substantial evidence and accurately described the plaintiff's impairments.  Specifically, the ALJ asked the vocational expert to consider a person that can never climb ladders or ropes; only occasionally crouch; never crawl; only occasionally reach in all directions, including overhead with upper extremities; perform no sustained work activity above head level or perform repetitive flexion or extension of the head from side to side; and avoid all unprotected heights and dangerous machinery.  Thus, the ALJ credited claimant's complaints of neck pain in his hypothetical questioning.

In response to the ALJ's hypothetical question, the vocational expert found that a person with the claimant's age, education, past relevant work and the stated limitations could perform the claimant's past relevant work.  The vocational expert's testimony constitutes substantial evidence to support the ALJ's determination that the claimant is able to perform his past relevant work and is not disabled.  *Id.*

As discussed above, "the findings of the Commissioner are

8

not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached."  *Alexander v. Apfel*, 17 Fed. App'x. 298 (6th Cir. 2001) (citing *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence.  Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 9) be, and it hereby is, **denied**; and that the cross-motion for summary judgment of the defendant (Doc. 12) be, and it hereby is, **granted**.  That a separate Judgment shall enter concurrently herewith.

This 15th day of March, 2010.



Signed By:
*William O. Bertelsman* WOB
United States District Judge

9